CITY OF ELKINS *v.* LESLIE HAGGERTY

(CC 452)

Submitted January 13, 1932.    Decided January 19, 1932.

*S. T. Spears,* for plaintiff.
*E. L. Maxwell,* for defendant.

WOODS, JUDGE:

This certificate has to do with the sufficiency of the answer of a property owner on demurrer, in a suit to enforce a sewer assessment. The sewer, upon which the assessment was made, runs along the alley in rear of and abutting on defendant's lot. This lot fronts on Diamond Street, of the Round Barn addition to the city of Elkins. The individuals laying off the addition constructed a system of sewers including Diamond Street, which they connected onto the city sewer along Randolph Avenue. This latter sewer emptied into Woolwine Run. Sometime prior to 1925, Round Barn addition was taken into the city. The State Department of Health, in the year above mentioned, called upon the city to abate the nuisance caused by emptying sewerage into Woolwine Run. And as a consequence, the sewer, for which the assessment is sought to be enforced, was constructed. A number of other sewers, including the Randolph Avenue sewer, were connected with this new sewer which followed generally along Woolwine Run. The charter of the city provides that "no lot already having sewer service shall be assessed with any portion of the cost of any new sewer." The city asserts, that under the police power it had the right to compel defendant and all other persons using the sewer into Woolwine Run prior to construction of the present sewer to cease from depositing their sewerage into said run, and that notwithstanding the

quoted charter provision, the defendant, under the circum-stances, did not have such "sewer service" as would relieve his property of the assessment.

The defendant seeks, by his answer, to defend on the ground (1) that the Woolwine Run sewer served as an outlet for several main line and lateral sewers, and benefitted a great deal of property which did not abut the new sewer; and (2) that by reason of his connection to the Diamond Street sewer, he was not liable, under the charter provision, unless and until he expressed a desire to connect with the new sewer.

The chancellor held that there was no merit in the first position, but that the second constituted a good defense, and therefore overruled the demurrer to the answer.

As to the chancellor's first position, we are in accord. It matters not how general the benefit may be. The question is whether the particular property sought to be assessed is benefitted. And, in the absence of an allegation to the contrary, the presumption is in the affirmative.

But does the connection with the Diamond Street sewer bring defendant's property within the exception? Where a general power is granted by legislative act, as the power to construct sewers, then the interpretation and exercise of that power is liberally construed. McQuillin, Municipal Ordinances, section 49. But as to the exception regarding assessments? Here we must invoke the rule of strict construction. This is done on the theory that powers taken from the sovereign will not be inferred unless necessary to the exercise of some power that is expressly given, always resolving in favor of the supreme power to retain that which it has not expressly or by fair implication granted away to an inferior power. It appears from the bill, and is not denied by the answer, that the dumping of sewerage into Woolwine Run had become a public nuisance, and that the city had been required by the State Department of Health to abate the same. Defendant, therefore, did not have an adequate sewer. The service did not meet the demands of the city. Therefore, defendant did not have such a "sewer service" as would bring his property within the exception. The mere fact that

the city, after taking over Round Barn addition, has suffered the Diamond Street sewer (however inadequate) to be continued in use, and has charged defendant for tapping same, does not strengthen the latter's position.

In the absence of the exception hereinbefore set out, the defendant's property is unquestionably liable for the assessment. While the property on the opposite side of Diamond Street may be similarly situated as to the sewer thereunder, yet prior to the time of the actual construction of the new sewer none of the abutting property had "sewer service" within the contemplation of the charter. The new sewer provided defendant's property with sewer service. The assessment was proper.

The ruling of the circuit court is therefore reversed, and the demurrer to the answer sustained. We so certify.

*Ruling reversed; demurrer sustained.*